IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **MICHAEL CHRISMAN,** | : | **MOTION TO VACATE** |
| Movant, | : | **28 U.S.C. § 2255** |
| | : | |
| v. | : | **CRIMINAL INDICTMENT NO.** |
| | : | **1:16-CR-0020-SCJ-AJB** |
| **UNITED STATES OF AMERICA,** | : | |
| Respondent. | : | **CIVIL FILE NO.** |
| | : | **1:18-CV-0024-SCJ-AJB** |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Movant has filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal sentence entered in this Court under the above criminal docket number. The matter is before the Court on the motion to vacate, [Doc. 36], and Respondent's response, [Doc. 41]. For the reasons discussed below, Movant's motion to vacate and a certificate of appealability (COA) are due to be **DENIED**.

**I.   Background**

Movant entered into a contract with the victim in this case to bind 128 two-volume sets of Gutenberg Bible copies and subsequently sent invoices that falsely represented completion of volumes for which the victim paid approximately $327,000, based on those invoices. (*See* Indictment at 2, ECF No. 1.) The grand jury for the Northern District of Georgia indicted Movant on twenty-four counts of wire fraud.

(*Id.*) Represented by Regina Cannon, Movant entered into a plea agreement with the government and pleaded guilty to one count. (*See* Guilty Plea and Plea Agreement, ECF No. 27-1.) Movant and the government agreed that all remaining counts would be dismissed and that the underlying conduct for all counts could be used to determine relevant conduct and his sentence under the guidelines. (*Id.* at 4-5.) The parties agreed that the government would recommend an offense level adjustment based on Movant's acceptance of responsibility and that the parties would recommend a one-level downward variance. (*Id.* at 6-7.) The government and Movant agreed that Movant waived the right to appeal or collaterally attack his conviction and sentence, with exceptions for an upward departure or variance from the guidelines range and for claims of ineffective assistance of counsel. (*Id.* at 13.) The Court accepted the guilty plea. (*See* Minute Entry, ECF No. 27.)

Movant's Presentence Report (PSR) advised a base offense level of seven, a twelve-level enhancement under U.S.S.G. § 2B1.1 based on the agreed upon loss amount, and a three-level reduction for acceptance of responsibility, yielding a total offense level of sixteen. (PSR ¶¶ 25-26, 32-33; Sentencing Tr. at 2, ECF No. 40.) At sentencing, again represented by Cannon, Movant stated that he had reviewed the PSR with counsel, and the government confirmed that it was asking for a one-level

downward variance, which the Court granted. (Sentencing Tr. at 2.) Accordingly, the Court determined that Movant's guidelines range was twenty-one to twenty-seven months, based on a offense level of fifteen and a criminal history category of II. (*Id.* at 3.) The government and Movant, through counsel, agreed that there were no objections. (*Id.*) Movant's counsel requested a below-guidelines sentence. (*Id.* at 5.)

Thereafter, the Court told Movant, "you have a right to allocute to the court or tell the court anything you wish to tell me." (*Id.* at 7.) Movant took the opportunity, admitted that he had sent invoices for bindings that he did not complete, and apologized. (*Id.* at 7-8.) The Court sentenced Movant at the low end of the guidelines, to twenty-one months of confinement. (*Id.* at 20.)

Movant did not directly appeal and now seeks collateral relief. (Mot. to Vacate, ECF No. 36.) Movant asserts three grounds for relief: (1) ineffective assistance of counsel, (2) the government misrepresented facts pertinent to the loss amount under § 2B1.1, and (3) Movant's criminal history category was incorrectly calculated. (*Id*. at 3.) In his first ground for relief, Movant asserts that counsel was ineffective in failing to (1) challenge the use of a Pennsylvania theft-by-deception case in regard to the calculation of his criminal history category, (2) challenge the intended loss amount

under § 2B1.1, and (3) present mitigating evidence at sentencing. (*Id*. at 1-6.) Movant seeks to be resentenced based on more accurate information. (*Id*. at 6.)

## II.     28 U.S.C. § 2255 Standard

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Collateral relief, however, is limited. "Once [a] defendant's chance to appeal has been waived or exhausted, . . . we are entitled to presume he stands fairly and finally convicted," *United States v. Frady*, 456 U.S. 152, 164 (1982), and it is the movant's burden to establish his right to collateral relief, *Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015).

Accordingly, collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence.[1] *Fordham v. United States*, 706 F.3d 1345, 1349

---

[1] "[T]o show cause for procedural default, [a movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [the movant's] own conduct." *Lynn v. United States*, 365 F.3d 1225, 1235 (11th Cir. 2004). If a movant shows cause, he also must show prejudice – that the error complained of

(11th Cir. 2013); *Massaro v. United States*, 538 U.S. 500, 505-09 (2003) (holding that a constitutional claim of ineffective assistance of counsel generally is properly raised on collateral review in order to allow for adequate development and presentation of relevant facts).

"The district court is not required to grant a petitioner an evidentiary hearing if the § 2255 motion 'and the files and records of the case conclusively show that the prisoner is entitled to no relief.' " *Rosin v. United States*, 786 F.3d 873, 877 (11th Cir. 2015) (quoting §2255(b)). That is the case here, as shown in the discussion below.

---

"worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (emphasis in original) (quoting *Frady*, 456 U.S. at 170) (internal quotation marks omitted). To make a credible showing of actual innocence, "a movant 'must show that it is more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt' in light of . . . new evidence of innocence." *McKay v. United States*, 657 F.3d 1190, 1196 (11th Cir. 2011) (alteration in original) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)).

5

### III. Discussion

#### A. Ineffective Assistance of Counsel

##### 1. Ineffective Assistance of Counsel on Criminal History

The PSR shows that in June 2005, Movant pleaded guilty in the Commonwealth of Pennsylvania to four counts of unlawful taking or disposition. (PSR ¶ 36.) The PSR shows (1) that Movant received three to twenty-three months confinement on one count, with credit for time served and immediate parole, followed by five years of probation; (2) that Movant received four consecutive years of probation on the remaining three counts and was ordered to pay restitution; and (3) that his probation was terminated in November 2005. (*Id.*) Based thereon, the PSR assigned Movant a criminal history category of II. (*Id.* ¶ 37.) Movant did not object to his criminal history computation in response to the PSR. (*Id.*) At sentencing, Movant confirmed that he had reviewed the PSR with counsel and, through counsel, admitted to his Pennsylvania convictions. (Sentencing Tr. at 2-4.) Further, Movant during his allocution did not contest the Pennsylvania convictions. (*Id.* at 7-8.)

6

Movant now states that it is his recollection that the Pennsylvania theft-by-deception case was dismissed[2] and asserts that counsel was ineffective in failing to investigate and challenge the use of the Pennsylvania case in calculating his criminal history category. (Mot. to Vacate at 2, 5.) Movant states that he is seeking records on the matter. (*Id.* at 5.)[3] Respondent asserts that the PSR is correct, provides copies of Movant's Pennsylvania court records,[4] and asserts that Movant fails to show that his counsel was ineffective. (Resp't Resp. at 11-12, ECF No. 41.)

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a movant must establish that

---

[2] To the extent that the Commonwealth of Pennsylvania may have dismissed additional charges, it does not change Movant's convictions on the four charges to which he pleaded guilty. To the extent that Movant may be remembering the termination of his probation, a termination of probation is not a dismissal of Movant's convictions.

[3] Movant submitted his motion to vacate in December 2017. (Mot. to Vacate.) As of May 10, 2018, Movant has submitted nothing in support of his contention that his Pennsylvania charges were dismissed.

[4] The copies of the Pennsylvania Court records support the PSR's presentation of Movant's criminal history and show that he pleaded guilty to four Pennsylvania charges for theft by taking or disposition, charges 1, 5, 9, and 13. (Resp't Ex. A, Doc. 41-1.)

(1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. *Id.* at 690-92. The Court may resolve an ineffective assistance claim based on either of the above prongs. *Pooler v. Sec'y, Fla. Dep't of Corr.*, 702 F.3d 1252, 1269 (11th Cir. 2012).

Under the first prong, a movant must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. "Because we presume counsel was competent, [the movant] 'must establish that no competent counsel would have taken the action that his counsel did take.' " *Dell v. United States*, 710 F.3d 1267, 1281 (11th Cir. 2013) (quoting *Chandler v. United States*, 218 F.3d 1305, 1315 (11th Cir. 2000) (en banc)). Under the second prong, a movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The habeas petitioner or § 2255 movant has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. *Wood v. Allen*, 542 F.3d 1281, 1309 (11th Cir. 2008) (quoting *Strickland*, 466 U.S. at 693) (internal quotation marks omitted); *see also Hill v. Moore*, 175 F.3d 915, 923 (11th Cir. 1999)

8

(holding that absent proffer of evidence, the petitioner could not show prejudice based on counsel's failure to introduce such evidence).

Here, to show prejudice, Movant would have to demonstrate that investigation by counsel would have produced concrete evidence that his Pennsylvania case was dismissed. Movant provides nothing to suggest that investigation would have produced such evidence or to support his recollection that the case was dismissed. Accordingly, Movant fails to demonstrate prejudice. This claim fails.

### 2. Ineffective Assistance of Counsel on Loss Amount Under U.S.S.G. § 2B1.1

In the plea agreement, the government and Movant agreed that the amount of loss was more than $250,000 but less than $550,000. (Guilty Plea and Plea Agreement at 5.) Under § 2B1.1(b)(1)(G) and consistent with the plea agreement, the PSR assigned a twelve level increase for a loss amount of $483,403.82, more than $250,000 but less than $550,000. (PSR ¶ 26.) The specific dollar amount is based on (1) the $452,610 total for bookbinding services that were invoiced and paid to Movant, minus $21,000 for three partially completed two-volume sets and two additional two-volume sets delivered to the victim, and (2) $28,901, $21,817.82, and $1,075 (totaling $51,793.82) paid by the victim for raw materials which were missing and could not be

9

AO 72A
(Rev.8/8
2)

located. (*Id.* ¶ 22.) Movant did not object to the loss amount calculation. (PSR ¶ 22; Sentencing Tr. at 3.)

Movant now asserts (1) that counsel was ineffective for failing to challenge the intended loss amount under § 2B1.1, which Movant states was incorrectly based on the government's contention that the victim had received only one completed two-volume set, and for failing to "present testimony that there were more than a dozen sets completed and delivered to the victim" and (2) that the failure resulted in an "inappropriately increased" loss amount and offense level. (Mot. to Vacate at 2-5.) Respondent asserts that this ground fails because the record does not support Movant's claim that the loss amount was based on the victim receiving only one completed two-volume set and because Movant provides no support for his contention that a dozen sets were delivered to the victim. (Resp't Resp. at 9-11.)

*Strickland* again applies. Movant's assertion that the loss amount was incorrectly based on the delivery of only one set of books is incorrect as shown by the record. Further, Movant in his plea agreement agreed to the loss amount. Moreover, to show even a remote possibility of prejudice, Movant, at a minimum, would have to show evidence of the "more than a dozen" sets allegedly completed. Movant has not done so. Accordingly, Movant fails to demonstrate prejudice, and this claim also fails.

10

### 3.  **Ineffective Assistance of Counsel on Mitigating Evidence**

As indicated in the PSR, the victim had paid for certain raw materials, some of which Movant had stored in a warehouse and transferred to a third party, who it was intended would return them to the victim. (PSR ¶ 22.) Movant's counsel argued for a sentence below the guidelines range and referred to Movant's efforts in returning the material to the victim – "[Movant] has preserved valuable materials in order to negate the financial loss to the victims. He has done everything he could possibly do to mitigate the harm he has caused." (PSR, Letter dated Dec. 1, 2016.) Counsel at sentencing repeated the request for a below guidelines sentence based on Movant's attempt to mitigate the harm –

> We have talked with [the victim] about reclaiming and surrendering valuable materials and assets which [Movant] has and we have been trying to get those moved to the government and back to the victims in this case.
>
> . . .
>
> He is willing to redeem the victims, pay back the money owed, give them the materials that are fairly owed to them . . . .

(Sentencing Tr. at 5-6.)

Movant now asserts that counsel was ineffective in failing to present mitigating evidence in regard to the loss computation under § 2B1.1. (Mot. to Vacate at 3-4.)

11

Movant refers to the mitigating evidence by stating "that he . . . had surrendered incredibly valuable items to the care of the victim to assure that he would not suffer undue loss."[5]  (*Id*. at 4-5.)  Respondent argues that Movant's claim fails because counsel *did* present the mitigating evidence and because the Court was aware of it. (Resp't Resp. at 13.)

*Strickland* again applies.  This claim also fails as Movant cannot show prejudice. Counsel presented the mitigating evidence in an attempt to obtain a below guidelines sentence for Movant and cannot be faulted for failing to do so.  Additionally, if counsel *also* had presented the mitigating evidence as an argument to lower the guidelines calculation under § 2B1.1, there is no reasonable probability that it would have succeeded.  The amount of loss attributed to missing raw materials was less than $52,000.  Even if Movant demonstrated that evidence existed, which counsel should have presented and which warranted a deduction of $51,793.82 from the loss computation (which Movant does not do), it would not be enough to change his twelve-level increase under § 2B1.1(b)(1)(G).[6]

---

[5]  It is apparent that Movant is referring to the raw materials which the record indicates were stored with an intent that they be returned to the victim.

[6]  To the extent Movant may be seeking to challenge his restitution amount, such a challenge is not cognizable in a § 2255 motion.  *See Mamone v. United States*,

### B. <u>Sentencing Error</u>

Movant's grounds two and three – in which he asserts sentencing error based on the government misrepresenting facts pertinent to the loss amount under § 2B1.1 and the incorrect calculation of his criminal history category – also fail. (*See* Mot. to Vacate at 3.) Sentencing-error claims should be raised on direct appeal. Movant does not attempt to show cause for his failure to pursue his sentencing claims on direct appeal, and he may not now pursue them in his § 2255 motion. *See Fordham*, 706 F.3d at 1349 (stating that collateral review of a claim that could have been raised on direct appeal, but was not, is foreclosed unless the movant can show cause and prejudice for his default or actual innocence).[7]

---

559 F.3d 1209, 1211 (11th Cir. 2009) (holding that a federal prisoner cannot use § 2255 to challenge the restitution portion of his sentence).

[7] The Court observes that Movant's appeal waiver does not provide cause for Movant's procedural default. In light of his appeal waiver, which Movant does not attempt to challenge, Movant cannot show that an objective factor external to the defense prevented him from pursuing on direct appeal his sentencing claims. *See Lynn*, 365 F.3d at 1235; *Kier v. United States*, No. 7:12-CR-12-001 (HL), 2016 WL 6661179, at *7 (M.D. Ga. Mar. 3, 2016) ("Petitioner's own actions herein in agreeing to an appeal waiver prevented him from raising his sentencing claims on appeal.") (listing cases).

AO 72A
(Rev.8/82)

**IV.     Certificate of Appealability (COA)**

Under Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The applicant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Melton v. Sec'y, Fla. Dep't of Corr.*, 778 F.3d 1234, 1236 (11th Cir. 2015) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, the prisoner in order to obtain a COA, still must show both (1) "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and (2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Lambrix v. Sec'y, DOC*, 872 F.3d 1170, 1179 (11th Cir.) (quoting *Slack*, 529 U.S. at 484), *cert. denied*, *Lambrix v. Jones*, _ U.S. _, 138 S. Ct. 312 (2017).

AO 72A
(Rev.8/82)

It is recommended that a COA is unwarranted because it is not debatable that Movant fails to show that he received ineffective assistance of counsel and that his remaining claims are procedurally defaulted. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts.

## V. Conclusion

For the reasons stated above,

**IT IS RECOMMENDED** that Movant's motion to vacate, [Doc. 36], and a COA be **DENIED**.

The Clerk of Court is **DIRECTED** to withdraw the referral of this § 2255 motion to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this   15th   day of   May   , 2018.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)